Filed: 10/4/2015 17:56 PM
Yoon Kim
District Clerk
Collin County, Texas
By Vanessa Araiza Deputy
Envelope ID: 8623359

Our File No: <u>01-03-10-13-52</u>

Case No: _____

| | | |
|---|---|---|
| PETER E. LANDER | § | IN THE _____ |
| THE ESTATE OF MIMI J. | § | |
| LANDER, | § | DISTRICT COURT |
| THE CHILDREN OF MIMI J. | § | |
| LANDER | § | |
| THE CHILDREN OF PETER E. | § | |
| LANDER | § | |
| | § | |
|     PLAINTIFFS | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | Of |
| | § | |
| | § | COLLIN COUNTY TEXAS |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| JP MORGAN CHASE & CO. | § | |
|     Mr. James Dimon – CEO | § | |
|     Ms. Marianne Lake - CFO | § | |
| | § | |
|     DEFENDANTS | § | |

## PLAINTIFFS ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

Peter E. Lander, The Estate of Mimi J. Lander and the Children of Mimi J. Lander namely Jay E. Lander, Mia J. Lander, and Marisa A. Lander, The Children of Peter Lander namely Aisha K. Hunte, and the Children of Mimi J. Lander as defined above, ("Plaintiffs'), COME before the Court, and file this Plaintiffs Original Petition, complaining of JP MORGAN CHASE & CO (Chase), Mr. James Dimon - CEO, and Ms. Marianne Lake – CFO and for cause of action Plaintiff would respectfully show this Honorable Court the following:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

2. Plaintiff Peter Lander is an individual residing in Collin County Texas, and The Independent Administrator of the Estate of Mimi J. Lander deceased, Jay E. Lander, Mia J. Lander and Marisa A. Lander are the children of Mimi J. Lander and Peter Lander and Aisha K. Hunte is the child of Peter E. Lander, and they are all individuals and beneficiaries to the Estate of Mimi J. Lander and Peter E. Lander.

3. Defendants, JP MORGAN CHASE & CO, Mr. James Dimon - CEO, and Ms. Marianne Lake – CFO is USA National Bank and company in the business of Banking, Mortgage Servicing and other financial related services in the State of Texas and the USA. The defendant may be served with personal process, by a process server, by serving its Registered Agent, C.T. Corporation Systems 1999 Bryan Street, Suite 900 Dallas Texas. 75201-3136 or its executive head quarters at: JPMorgan Chase & Co. 270 Park Avenue New York, NY 10017-2070, United States, Phone: 212-270-6000 Fax: 302-655-5049. They also accept service by fax on 317 -757-7421 or 7610 West Washington street, Indianapolis, Indiana, 46231, Phone 317-757-7422. Defendants accept service by mail and fax.

## JURISDICTION

4. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. The Court has jurisdiction over Defendants, JP MORGAN CHASE & CO, Mr. James Dimon - CEO, and Ms. Marianne Lake – CFO because these defendants are part of a foreign/national Banking company that engages in the business of Banking and Mortgage Lending, and Mortgage Servicing in the State of Texas, and Plaintiffs causes of action arise out of these defendants' business activities in the State of Texas.

## VENUE

6. Venue is proper in Collin County, Texas, because the property is situated in Collin County, The Fraud, and the Damages done to Plaintiffs are in Collin County Texas. TEX. Clv.

PRAC. & REM. CODE §12.001, (3), Sec. 12.002 – Liability – Subsections: (1), (2), (3)-(A,B,C). and Section § 12.004

## FACTS

7. Plaintiffs Peter E. Lander and Mimi J. Lander Deceased (now The Estate of Mimi Lander, and the Children of Mimi J. Lander and Peter E. Lander are the proprietors of the Real Property located at 2520 Trailwest Lane, Plano Texas (The Property). The property was original obtained using a Mortgage Loan that was originated with A.W. Mortgage, on November 26th of 1997.

8. Defendants did not know at the time and have only recently came to possess the knowledge that A.W. Mortgage L.P was just a paper company and was functioning at the height of the national mortgage fraud conspiracies that would later bring the economy to collapse. It turns out that A.W. Mortgage L.P. was a front for and worked <u>collusively</u> with Asthon Woods Dallas Residential developer to artificially create mortgage loans.  Plaintiffs never received or saw any money or check or received any financial advancement in hand as claimed and purportedly made on our half and extended to Ashton Woods Dallas. It was a pure manipulation of paper and Government Regulations and US Federal Government Insurance programs for Mortgages and guarantees.

9. The Loan secured by The Property was subsequently sold and transferred to another agency and then to several successive agencies during the last 18 years. A chain of assignments and reassignments was established and documented with the County Clerk.

       Only the following order of legally documented assignments exist:

       a) AW MORTGAE to CTX Mortgage Company 2/18/1998

       b) CTX Mortgage to Fleet Mortgage 2/18/1998

10. Absent from the chain of legal endorsements and legal assignments are any record of endorsement and assignment to Washington Mutual Bank and to Chase. However, some time along the way going back probably beginning in 2001 or so I began receiving bills for the Mortgage from Washington Mutual Bank. I paid the mortgagee without question to Washington Mutual Bank.

11. Washington Mutual Bank Subsequently Collapsed and was acquired by Chase Bank. I began getting statements and demand for payments from Chase Bank. I complied and continued paying the mortgage without question.

12. On April 4th, 2006 I took out a Home Equity Line of Credit with Washington Mutual Bank (or so I thought) on The Property for $38,700.00.

13. I would later learn that the Note I signed and agreed to for the HELOC was with an individual named Larry Andrews of 3200 S.W. Freeway, Houston Texas, 77027

14. I used the HELOC (account # **Redacted** 7675 and paid it all back. I have also paid of the First mortgage (Chase Account Number **Redacted** 9859). As of the date of the filing of this complaint all loans have been paid of in full.

15. As of 9/28/2015 the HELOC loan had been paid in full and the First Mortgage loan had been paid in full.

16. My Spouse Mimi J. Lander was deceased ion 03/10/2013.

Page **5** of **86**
JP MORGAN CHASE & CO. MORTGAGE FRAUD PERJURY SUIT

17. My family underwent hardship when my spouse died and made an application to Chase for a mortgage modification based on the US Treasury 2009 Making Home Affordable Program (MHA).

18. Chase maintained and contended at the time they did not hold my Mortgage and that it was held by an "Investor." Chase refused to disclose the "Investor" to me.

19. I qualified for a mortgage modification based on the rules of the 2009, Treasury Making Home Affordable® Program (MHA) program to help struggling homeowners avoid foreclosure.

20. Chase acknowledged that for 15 or sixteen years I have been late on paying my mortgage. I was going through hardship and my income had dropped as I was underemployed. I meet all the qualifications for the modification.

21. Chase denied my application for loan modification. I suspect that some disparities in treatment were involved in this decision.

22. While going though the mortgage loan modification application, I made inquiries to Chase and asked them to provide me with evidence that they hold the Promissory Note and Deed of Trust with Vender's Lien to The Property. Chase was unable to provide these documents or to show a line of succession of legal transfers and endorsements From Fleet Mortgage to Washington Mutual and From Washington Mutual to Chase. In response to my inquiries, Chase simply and repeatedly sent me copies of the original closing documents with A.W. Mortgage.

23. Chase Executive representatives assured me that there would be no action to accelerate while we were negotiating a loan modification. This was an untruthful assurance. Around six months into the process Chase filed for foreclosure on The Property.

24. There existed no record of transfer of my Mortgage to Washington Mutual or To Chase. As a result of this condition on 11/07/2013 Chase filed a fictitious Corporate Assignment of Deed of Trust on the Property. See 20131107001517320 Collin County Clerk. We allege that this is a fraudulent document and that it is also a forgery. See Exhibit D.

25. After filed the falsified document and the initiated foreclosure, I was able to bring the loan current.

26. I filed for a second loam modification (was advised to do so by Chase) and I was denied a second time. The Chase representative told me "you have been late on your payments for the last 17 years. You cannot afford the house we need to sell it." Rather than help us stay in our home, Chase was doing all in her power to make us homeless.

27. As of September of 2015 I had paid off both loans. It would take several months after several threats of foreclosure for Chase to file another illegal document. – Release of Lien on 12/01/2015 on my first mortgage loan (See Exhibit E). To date no action has been taken to release the HELOC loan. Plaintiff will show in the following paragraphs that the Corporate Assignment of Deed of Trust filed 11/07/2013 and the Release of Lien filed on 12/01/2015 are both illegal documents, forgery and acts of Mortgage Fraud. Chase is not legally authorized to collect my mortgage payments or to file foreclosure on us, or to sign a Release of Lien Pursuant to the Texas Property Code Annex Section 12.001 as Chase has violated the Texas Property Code.

## SUMMARY OF FACTS

Chase has violated the following sections of the Texas Property Code as it relates to Mortgage assignments. Chase has failed to produce a document of assignment that shows the chain of

assignments of my loan that resulted in Chase becoming the Mortgagee or the loan servicer:

## Mortgage Assignments

Chase has failed to produce an "assignment trial" documents that are the legal records of this transfer from one entity to another (from Fleet Mortgage to Washington Mutual Bank and from Washington Mutual Bank to Chase). These Assignments would have contained the following information:

- the name of the assignor (the current owner of the loan) and assignee (the new owner)
- the names of the borrowers
- the date of the mortgage
- the original amount of the mortgage
- the original mortgage recording information, and
- the property's legal description

The assignment of mortgage serves as proof of the transfer of the loan from one party to another.

## Loan Transfers

When one bank sells the debt to another bank, the following actions are generally done to complete the transaction.

- The promissory note is endorsed (signed over) to the new bank. (The owner of the promissory note is the only party that has the legal right to collect on the debt.
- An assignment of mortgage to the new entity is recorded in the county records. (An assignment of mortgage is necessary to assign the original bank's rights under the mortgage, including the right to foreclose if you don't make payments, to the new owner of the loan.)

Neither Chase nor Washington Mutual Bank before it completed any of these actions. The Corporate Assignment of Deed of Trust filed on 11/07/2013 is an illegal forged document and is a violation of the TEXAS PROPERTY CODE TITLE 3. PUBLIC RECORDS, CHAPTER 12. RECORDING OF INSTRUMENTS. Please refer to Exhibit D – Forged Corporate assignment of Deed of Trust. Absent from the chain of assignments and the reassignments are the assignment to Washington Mutual Bank and subsequently to Chase. It is absent from the public records as called for in the Texas Property Code - CHAPTER 12. RECORDING OF INSTRUMENTS Sec. 12.001. INSTRUMENTS CONCERNING PROPERTY.

The Release of Lien filed on 12/01/2015 is also a falsified document (See Exhibit E – Undocumented transfer of Unendorsed Note and undocumented Assigned Deed of Trust Retuned to Plaintiff). Chase is not legally authorized to release my Lien since Chase had not legally obtained possession of my Deed and my Promissory note. Chase returned to me a copy of the original Deed of Trust and Promissory note from A.W. Mortgage L.P. My family and I are left in a situation of insecurity as we feel that at anytime AW Mortgage or Fleet Mortgage can come back and say that they still have a lien on The Property. Our title to the property is clouded and unclear

due to the actions of Chase. Chase has engaged in Perjury and other Falsification in violation of the Texas Penal Code Title 8 Chapter 37. See Exhibit F – Unendorsed Promissory note returned to Plaintiffs.

## CHASE DOCUMENTED INSTITUTIONAL CRIMINAL PRACTICES

JP Morgan Chase is a nationally an internationally known entity that has admitted to and settled with the Federal Government of the United States, The European Union and European Courts charges relating to:

a) Massive Mortgage fraud

b) Money Laundering – Drug Money and Terrorist money

c) Support of international terrorist and state sponsors of terrorism (Iran, Syria, North Korea, Russia, etc.)

d) Extortion

e) Intimidation

f) LIBOR Interest rate manipulation

g) Fraud

h) A Gangster Banking Corporation

i) Predatory Lending and preying on the poor

j) Beneficiary of Government Corporate Welfare and Government Bank Bailout

    (Recapitalization at the expense USA tax payers)

  k) USA Supreme Court established in recent decade that Corporations are People too.

If Chase was an individual person, she would be a convict and a felon and would server Federal and State Prison time. She would be unable to rent an apartment, secure a mortgage or to get credit or a job. Chase would be considered a "Gangster and a Criminal," an enemy of the State and possibly an Enemy Combatant. Because JP Morgan Chase is a large banking corporation, she is able to repeatedly engage in criminal acts knowing that her only punishment are fines and she is left to move on to her next crime and criminal acts without fear of prosecution, or of jail time.

If Plaintiffs were to commit Forgery and aggravated Forgery, Plaintiffs would pay a steep price. Society would seriously punish Plaintiffs and we would not be able to earn a living much less to get a Federal Government bailout. We would all have criminal records, unable to work and to find housing. These are the reason why Plaintiffs are naming Chase Executives as Defendants in this case

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST JP MORGAN CHASE

28. Defendant JP Morgan Chase is liable to Plaintiffs for intentional Mortgage fraud, Intimidation, Disparities in treatment, Perjury and other Falsification, Aggravated Perjury, intentional violations of the Texas Property Code, and the Texas Penal Code, and the intentional breach of the common law duty of good faith and fair dealing.

## MORTGAGE FRAUD AND VIOLATION OF TEXAS PROPERTY CODE

Defendant **JP MORGAN CHASE** conduct constitutes acts of Mortgage Fraud in violation of the Texas Property CODE TITLE 3. PUBLIC RECORDS, CHAPTER 12, RECORDING OF INSTRUMENT in its actions towards Plaintiffs when Chase failed to properly and legally secure the assignment/endorsements and the timely recording of the assignment/endorsement of Plaintiffs Mortgage and associated security instruments.

## INTIMIDATION

29. JP MORGAN CHASE engaged in intimidation and blackmail by bringing foreclosure procedures against Plaintiffs in 2013. JP MORGAN CHASE knowingly did not have the legal authority to foreclose and resorted to heavy handed tactics, perjury and intimidation.

## DISPARITIES IN TREATMENT

30. Plaintiff qualified for a mortgage loan modification based MHA rules and guidelines and the Fair Housing act of 1968 and it amendments and Executive orders. JP Morgan Chase denied my applications for a mortgage modification not on the facts of my application but based on a disparity in treatment. JP Morgan Chase refused to lower my interest rate as it would have impacted the Collateralized Mortgage Debt Obligation (CMO) that my loan was packaged into and sold as. I had been paying 6.75% interest and interest rates were currently at zero. I had every right to a refinance and a modification.

## VIOLATION OF TEXAS PENAL CODE PERJURY AND OTHER FALSIFICATION

31. The Corporate Assignment of Deed of Trust is a falsified document. The Release of Lien is a falsified document. Defendants' JP Morgan Chase is in violation of The Texas Penal Code, Title 6, Chapter 37, sections 37.02 Perjury and 37.03 Aggravated Perjury.

## INTENTIONAL VIOLATION OF THE TEXAS PROPETY CODE

32. Defendants' JP Morgan Chase has intentionally violated the Texas Property code. Defendants intentionally neglected to follow the rules of the law for the transfer, endorsements, and assignments of deeds of Trust and the related Promissory note instruments and therein failed to comply with the requirements of the Property Code. Defendants violated Title 3, Public Records, Chapter 12 Recording of Instruments, and section 12.001 - Instruments Concerning Property. The Defendants have further violated the Texas Property Code Ann. Sect 12.001 when they filed the Release of Lien on 12/01/2015 because Defendants do not possess the legal authority to release the Lien in question that is the subject of this matter before the Court.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

33. Defendants' unfair practices, as described above, of intentionally violating the Texas Property Code and the Texas Penal Code, constitutes an intentional breach of the common law duty of good faith and fair dealing owed to Plaintiffs.

## FRAUD

34. Defendants' JP Morgan Chase is liable to Plaintiff for common law fraud.

35. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as he did, and which Defendants' JP Morgan Chase knew were false or made recklessly without any knowledge of their truth as a positive assertion.

36. The statements and actions of Defendants' JP Morgan Chase were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon these statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

## KNOWLEDGE

37. Each of the acts of Defendants' JP Morgan Chase described above, together and singularly, was done "knowingly," as that term is used in Statute, and was a producing cause of Plaintiffs damages described herein.

## DAMAGES

38. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

39. As previously mentioned, the damages caused by Defendants' JP Morgan Chase's Fraud, Deception, Intimidation, Falsification of Legal Documents, Violations of the Texas Penal and Texas Property Code, has caused irreparable damages, undue hardships and burdens to Plaintiffs. These damages are a direct result of Defendants' JP Morgan Chase mishandling of

|     | |
| --- | --- |
|     | Plaintiffs mortgage loan in violation of the laws set forth above in addition to the violation of the Fair Housing Act of 1968 as amended and associated Executive orders. |
| a)  | Plaintiffs are of the opinion that they have been defrauded and as a result are not confident the person or persons or institutions to which they were paying their mortgages were legally authorized to collect such payments. As a result Plaintiffs are of the opinion that though they have retired (paid off) the Mortgage the title to the property and the Release of Lien is questionable. Plaintiffs will ask the court to order Defendants' JP Morgan Chase for a full refund of all Principal payments ($172,650.00) plus the interest paid at a rate of 6.75% over the 18 year period, plus any and all late fees, to be fully refunded and to be placed in an Escrow account. During the escrow period Plaintiffs, Defendants' JP Morgan Chase and the Court will work to determine who legally owned the Deed of Trust with Venders Lien and the Promissory Note to The Property. Additionally Plaintiffs will ask the court to set this escrow account for a one year period. At the end of this one year period if it has been shown and proven that Plaintiffs Mortgage loan has been a subject and victim of fraud the full amount will be refunded to plaintiff. |
| b)  | For the crime of Mortgage Fraud and the Violation of the Texas Property Code as it relates to the transfer of mortgages and liens (Texas Property Code Title 3, Public Records Chapter 12, Recording of Instruments, Plaintiffs will ask the Jury for an award of the original mortgage amount ($172,650.00 plus interest paid over 18 years at 6.75%. (estimated at around $480,00.00 plus or minus) This actual amount is to be determined, but the tentative amount is $652,650.00 USD. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, |

interest, and court costs. Plaintiffs reserve the right to amend this amount and to amend this petition.

c) For the Crime of intimidation, and blackmail through the use of threatened foreclosure and acceleration of demand for repayment, for which Defendants' JP Morgan Chase had no legal authority to bring or to enforce, Plaintiff will ask the Jury for an award of Five Hundred thousand Dollars ($500,000.00).

d) For the crime of Disparities in Treatment as the basis of the denial of Plaintiffs mortgage loan modification application, violation of the MHA government program and for violation of the Equal Housing Act of 1968, and it amendments and Executive orders, Plaintiffs will ask the Jury for an award of $250,000.00 USD.

e) For the crime of violation of the Texas Penal Code, Perjury and other falsifications including Aggravated Perjury, Plaintiffs will ask the Jury for an award of $300,000.00 USD.

f) For Intentional Violation of the Texas Property Code, Plaintiffs will ask the jury for an award of $350,000.00.

g) For the crime of breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the Defendants' JP Morgan Chase breach of duty, such as additional costs, economic hardship, losses due to credit score, loss of standing in the community, exemplary damages, and damages for pain, suffering and emotional distress. Plaintiffs will ask the jury for an award of $300,000.00

Plaintiffs are seeking relief in the tentative amount of $ 2, 852,650.00 USD (Two Million Eight Hundred and Fifty two thousand and six hundred and fifty United States Dollars) for irreparable damages suffered by the actions of Defendants' JP Morgan Chase in its

commission of Mortgage Fraud against Plaintiffs.

## JURY DEMAND

40. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Collin County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## WRITTEN DISCOVERY

## REQUESTS FOR DISCLOSURE

41. Plaintiff's Request for Disclosure to Defendants' JP Morgan Chase is attached as "Exhibit A."

## REQUESTS FOR PRODUCTION

42. Plaintiff's Request for Production to Defendants' JP Morgan Chase is attached as "Exhibit B."

## INTERROGATORIES

43. Plaintiff's First Set of Interrogatories to Defendants' JP Morgan Chase is attached as "Exhibit C."

44. The copy of the alleged Perjured Corporate Assignment of Deed is attached and labeled as "Exhibit D."

45. A copy of the Perjured/Aggravated Perjury - Release of Lien filed on 12/01/2015 is attached and labeled as Exhibit E.

46. Unendorsed original documents retuned to Plaintiffs is attached and labeled as Exhibit F.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, under the Texas Statute, and all punitive and exemplary damages as may be found. In addition, Plaintiffs requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,
Peter Lander – Pro Se

*/s/ Peter Lander*

_____
Peter Lander - Pro Se
2520 Trailwest Lane
Plano, Texas 75025
Phone: 214-547-1673
tlfg@tx.rr.com